Amy Bennecoff (AB0891)
Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| ROSS MATRAY, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:09-cv-05859-FLW-LHG |
| | ) |
| DPF COLLECTION CORPORATION | ) |
| | ) |
| Defendant. | ) |

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

Pursuant to Local Rule 7.1(i) and the Federal Rules of Civil Procedure 59(e), Plaintiff, Ross Matray, by and through his counsel, Kimmel and Silverman, P.C., submits this Brief in Support of Plaintiff's Motion for Reconsideration of this Honorable Court's June 13, 2011 Amended Opinion and Order.

### I.  INTRODUCTION AND PROCEDURAL HISTORY

On October 22, 2010, both Plaintiff and Defendant filed Motions for Summary Judgment. See Docket Entries 15 and 16.  On May 31, 2011 this Court issued an Opinion and Order, granting and denying in part the Motions for Summary Judgment filed. See Docket Entries 23 and 24.  Thereafter, Plaintiff sought clarification of the Opinion and Order filed on May 31, 2011. See Docket Entry 25.  On June 13, 2011, this Court issued an Amended Opinion and Order granting Defendant's Motion for Summary Judgment.

See Docket Entries 27 and 28.   Plaintiff now seeks reconsideration as to his claims under 15 U.S.C. 15 U.S.C. §1692e(5) to prevent manifest injustice.

## II.    STATEMENT OF RELEVANT FACTS

Defendant sent Plaintiff repeated letters seeking payment of an alleged debt.  See Docket Entry 16-5.  In correspondence sent on August 24, 2009, DBF indicated this was a "FINAL NOTICE" and further stated:

> . . . UNLESS THIS ACCOUNT IS PAID IN FULL WITHIN 30 DAYS, THIS MATTER WILL BE REFERRED TO OUR ATTORNEYS.
>
> IN THE EVENT SUIT BECOMES NECESSARY, YOU MAY ALSO BE HELD LIABLE FOR LEGAL FEES, COURT COSTS, INTEREST AND SHERIFF'S FEES.
>
> WE URGE YOU CONTACT THIS OFFICE AT ONCE  . . . .

See Docket Entry 16-5 at Exhibit "H."

At no time has Defendant filed a complaint against Plaintiff.  See Docket entry 17. at page 48.  More specifically, Defendant did not file suit as suggested in its letter, if payment was not made in full within thirty days.

In ruling on the Motion for Summary Judgment, this Honorable Court determined that Plaintiff failed to show proof as to Defendant's intent.  See Docket Entry 27.  However, in opposition to Plaintiff's Motion for Summary Judgment, Defendant did not dispute the fact that it did not intend to take such action.  See Docket Entry 19.  Specifically, Defendant did not indicate that it had contacted counsel, or intended to contact counsel, to take the threatened legal action.  See Docket Entry 19.   Rather,

Defendant <u>did not dispute</u> that it did not take any action. <u>See</u> Docket Entry 16-1 at paragraphs 29 and 30 and Docket Entry 20 at paragraphs 29 and 30.

### III.     STANDARD FOR MOTION FOR RECONSIDERATION

Local Rule of Civil Procedure 7.1(i) governs motions for reconsideration. <u>See</u> <u>Church & Dwight Co. v. Abbot Labs</u>, 545 F. Supp. 2d 447, 449 (D. N.J. 2008). Rule 7.1(i) "permits a party to seek reconsideration by the Court of matters 'which [it] believes the Court has overlooked' when it ruled on a motions." <u>See</u> <u>NL Indus. Inc. v. Commercial Union Ins. Co.</u>, 935 F. Supp. 513, 515 (D. N.J. 1996); <u>see</u> <u>also</u> <u>United States v. Compaction Sys. Corp.</u>, 88 F. Supp. 2d 339, 345 (D. N.J. 1999) (party seeking reconsideration must point to controlling decisions of law or factual matters overlooked by the court in reaching its decision). Accordingly, the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." <u>See</u> <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985).

In order to prevail, the party seeking reconsideration must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." <u>See</u> <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999); <u>see</u> <u>also</u> <u>Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp.</u>, 825 F. Supp. 1216, 1220 (D. N.J. 1993).

Consistent with these standards, Plaintiff seeks reconsideration of this Honorable Court's June 13, 2011 Amended Opinion and Order to correct clear errors of law and to prevent manifest injustice.

IV.   **ARGUMENT**

15 U.S.C. § 1692e generally proscribes debt collector from making false, deceptive or misleading representations. A defendant violates section 1692e of the FDCPA where it asserts that "it *could* take an action that it had no intention of taking and has never or very rarely taken before." See Brown v. Card Service Center, 464 F.3d 456 (3d Cir. 2006). Where the clear import of a communication can be taken as a whole to mean that "some type of legal action has already been or is about to be initiated and can be averted from running its course only by payment," and where the referenced action is not taken, or cannot be taken, a violation of section 1692e(5) is established. See Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22 (2d Cir. 1989) (emphasis omitted); see also Bentley v. Great Lakes Collection Bureau, 6 F.3d 60 (2d Cir. 1993) (finding references to post-judgment proceedings of attachment and garnishment where the debt collector was not authorized to proceed would mislead the unsophisticated consumer that the debt collector would take action not intended to be taken).

Even if we assume that Defendant intended to bring such action, any explicit or implicit threat that *immediate* action will be taken is in violation of § 1692e(5). See Dewees v. Legal Servicing, 2007 U.S. Dist. Ct. Motions 3974 (E.D.N.Y. 2007). In Rosa v. Gaynor, the court assumed arguendo "that such a suit could and would eventually be brought." See Rosa v. Gaynor, 784 F. Supp 1 (D. Conn. 1989). Nevertheless, the court found language in the collection letter to be deceptive because its list of possible actions to be taken implied an immediacy that was false. See Id. The Rosa court based its decision in part on the consequences that were listed within the letter, such as obtaining a

judgment and garnishment. Id. at 14. Similarly, Lee v. CBC Co. also held a collection letter to be violative of §1692e(5). See 1996 U.S. Dist. LEXIS 21993 (S.D. Ohio 1996). In pointing to the defendant's threat that "some action will be forthcoming," the court held that the letter's permissive statements of "might" or "may" "did not convince [them] that the letter did not, *as a matter of law*, threaten legal action." See Id. at 9.

Evidence that Defendant did not intend to pursue legal action is a factual one, and should survive a motion for summary judgment. In Baker v. G.C. Services Corp., 677 F.2d 775 (9th Cir. 1982), defendant debt collector sent alleged plaintiff debtor a notice saying, *inter alia*, "it is our policy to settle these matters out of court before making any decision whether to refer them to an attorney . . . ." See Id. at 778. In finding this statement to be a threat to take legal action, the court stated that "a consumer could legitimately believe that further collection procedures meant court action *when defendant had no intention of pursuing such a course of action*. See Id. at 779 (emphasis added). The court went on to say that "[t]his determination, that appellant threatened to take action that it did not intend to take, is [a] factual [one] . . . ." See Id.; Carn v. Med. Data Sys., 379 B.R. 371 (M.D. Ala. 2007) ("the existence of the intent to perform the action threatened is a question of fact").

In the present matter, Plaintiff urges this Court to Reconsider its June 13, 2011 Amended Opinion and Order.  This Court determined that Summary Judgment should be granted against Defendant as there was a lack of proofs regarding Defendant's intent. However, questions of intent, as noted above, are factual disputes and hence, Summary Judgment should be denied.  In the alternative, as Defendant failed to dispute that it did not intend to take legal action against Plaintiff, and there is no dispute that it did not take

any legal action despite its threats; Plaintiff is entitled to Summary Judgment as to his claim under 15 U.S.C. §1692(e)(5), and Plaintiff requests that Summary Judgment be entered in his favor under 15 U.S.C. §1692(e)(5).

## V.     CONCLUSION

Based upon the foregoing information, a clear error of law and fact exists and a manifest injustice would result if Plaintiff's Motion for Reconsideration is denied. Plaintiff respectfully seeks reconsideration as stated above.

|  |  |
|---|---|
| DATED:  June 27, 2011 | RESPECTFULLY SUBMITTED,<br>KIMMEL & SILVERMAN, P.C.<br><br>By: /s/ Amy L. Bennecoff<br>      Amy L. Bennecoff, Esquire<br>      Attorney for Plaintiff |